## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4529.    Mar. 30, 1961.]

THE PEOPLE, Respondent, v. HUGH JOSEPH STIPP, Appellant.

LeRoy L. Center for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondent.

SMITH, J.—The defendant was convicted of violating section 20007, Vehicle Code, for failing to stop and supply the necessary information after striking a so-called "unattended" vehicle. Defendant's vehicle struck the complainant's vehicle in a parking lot adjacent to a café. Complainant was in the café but in a position where he could see his vehicle through open doors. He immediately went to the scene of the accident and, after an exchange of words, defendant left without supplying the information required by the Vehicle Code.

Defendant attacks the constitutionality of section 20007, Vehicle Code, because of the claimed uncertainty in the meaning of the word "unattended." Secondly, defendant argues that the vehicle was attended, and hence defendant was charged with violation of the wrong section. We be-

lieve that the section has a sufficiently certain meaning and is constitutional. Such meaning, however, excludes this case so the conviction must be reversed.

Originally, only the general sections were in the code. They failed to cover a situation where the owner or person in charge of the other vehicle was absent and could not be located even though reasonable steps to do so were taken. The exception was added at a later date to eliminate the hiatus. In form the sections, although amended and reenacted, still reflect this history. Sections 20002 and 20005, Vehicle Code, are still couched in general language and without regard to whether the vehicle is attended or unattended, but they contain an exception as to an unattended vehicle and as to such vehicle refer to section 20007, Vehicle Code. The general sections are applicable only if damages result. Section 20007 is applicable even if no damage results.

When a driver's vehicle collides with another vehicle causing damage, it is certain that the driver must stop, take reasonable steps to locate and notify the owner or person in charge and, failing to locate such person, to leave certain information on the vehicle which was struck. If he fails to do that, a misdemeanor is committed. There is no lack of certainty that a misdemeanor has been committed. Thus if both the general sections (Veh. Code, §§ 20002 and 20005) and the exception (Veh. Code, § 20007) required proof of resulting damages there could be no uncertainty that could prejudice a defendant. Where, however, no damage results, no duty exists under the general sections but does exist under the exception, provided it is a "collision" and not a mere "contact." *People* v. *O'Donohoe* (1949), Crim. A. 2491. If there were uncertainty as to when this duty is placed upon the defendant, a constitutional problem would be presented. But under the construction we place on the section, we think there is no uncertainty as to when a vehicle is unattended.

In making the exception the Legislature left out the necessity of proof of damage. This was explained in *People* v. *O'Donohoe, supra*, Crim. A. 2491: "There being no one present to speak for the owner of the unattended car, the legislature may not have desired to leave it to the offending driver to decide whether or not there was damage." The converse of that is that where such person is not only located but is present at the scene of the accident, the vehicle is attended and the general sections are applicable, there is no hiatus and there is no need to resort to the exception. ▮ To

constitute an attended vehicle it is not necessary that the attending person be in the car when it is struck. It is only necessary that he be on or appear on the scene in time for the defendant to give him the information required by Vehicle Code, section 20005. If that were done it would be ridiculous to hold that the defendant must also comply with Vehicle Code, section 20007. ■■ In construing a statute one should look to the evil to be remedied and then construe the statute if reasonably possible so as to remedy such evil. The construction which we have consistently followed since *People* v. *O'Donohoe, supra,* Crim. A. 2491, has limited the section to the specific situation which it was enacted to cover. *People* v. *Strelitz* (1960), Crim. A. 4285; *People* v. *Edelson* (1960), Crim. A. 4503. ■■ Also, a statute should be construed so as to preserve its constitutionality if possible. Our construction provides a clear guide for any defendant to follow. Under our construction the greater duty (i.e., to leave information even though no damage has occurred) exists only in those cases where it would be clear and certain to any defendant that a vehicle is completely unattended. Any less strict construction leaves an area of uncertainty which, as we have seen, would be immaterial to the defendant if proof of damages were necessary under both sections, but is material to the defendant in the situation where no damage occurs. So long as the greater burden is placed upon the defendant in only the situation where the section is clearly applicable he cannot complain of uncertainty.

While the express language of the sections may not require this construction, the language is consistent with this construction. The general section, 20005, Vehicle Code, requires that the driver take reasonable steps to "locate" and notify. This is consistent with the construction we have placed upon the section, to wit, that the owner or person in charge need not be in the vehicle or immediately beside the vehicle at the instant of impact in order that the general sections apply, provided he can be "located" at the scene so that he can speak for himself. We believe that so construed no uncertainty will exist. However, experience tells us that no matter how clearly a rule is attempted to be stated, there will always be borderline or exceptional cases. Those should be governed by the reasons which we have given for the rule. And even if there may still be doubtful cases it should be remembered that if a driver through a mistake of fact, which disproves any criminal intent, complies with either section even though

it be the wrong one, such mistake would be a complete defense. Section 26, Penal Code. There can be no uncertainty which prejudices the defendant.

In the present case the owner was at the scene, he could speak for himself, and the violation, if any, was of the general sections.

The judgment is reversed. The appeal from the order denying motion for new trial was filed too late; it is dismissed.

Swain, P. J., and Huls, J., concurred.